70 F.3d 120
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
In re PATHFINDER III, a California Limited Partnership,
Debtor and Debtor in, Possession.
MARTIN/BRATTRUD PROPERTIES, a California general
partnership; Robert L. Brattrud, Appellants,
v.
PATHFINDER III, a California general partnership;
Pathfinder IV, a California limited partnership; Imperial
Bank; the Great-West Life Assurance Company; Pacific
Newport Properties, a California corporation; William R.
Patton, Esq.; Marshall P. Wilkinson; Sandra K. Dilgard;
Melinda D. Patton; Donald Minkoff, Appellees.
 No. 95-55267.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 6, 1995.*
Decided Nov. 9, 1995.
 
 Before: GOODWIN, PREGERSON, and REINHARDT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Martin/Brattrud Properties and Robert L. Brattrud (collectively "Martin/Brattrud") appeal the Bankruptcy Appellate Panel's ("BAP") affirmance of the bankruptcy court's order granting debtors Pathfinder III's and Pathfinder IV's (collectively "Pathfinder") motion to supplement a prior award of attorneys' fees. The supplemental award of attorneys' fees stemmed from the bankruptcy court's summary judgment in favor of Pathfinder in Martin/Brattrud's action against Pathfinder for breach of contract and fraud in connection with certain commercial property owned by Pathfinder.
 
 
 3
 We review de novo decisions of the BAP. See Steelcase, Inc. v. Johnston (In re Johnston), 21 F.3d 323, 326 (9th Cir.1994). We have jurisdiction pursuant to 28 U.S.C. Sec. 158(d), and we affirm in part, vacate in part, and remand.
 
 
 4
 Martin/Brattrud contends that the bankruptcy court erred by denying Martin/Brattrud's motion for sanctions. Martin/Brattrud claimed that Pathfinder's motion to supplement attorneys' fees was untimely and therefore frivolous. This contention lacks merit. Under Local Rules of the Bankruptcy Court for the Central District of California, Rule 130(6), the bankruptcy court had discretion to consider Pathfinder's motion to supplement attorneys' fees.
 
 
 5
 Martin/Brattrud also contends that the bankruptcy court erred by granting Pathfinder's motion to supplement its prior award of attorneys' fees. This contention has merit.
 
 
 6
 "[A] decision of a legal issue or issues by an appellate court establishes the 'law of the case' and must be followed in all subsequent proceedings in the same case in the trial court or on a later appeal in the appellate court, unless the evidence ... [is] substantially different, [or] controlling authority has since made a contrary decision of the law applicable to such issues...." Vucinich v. Paine, Webber, Jackson & Curtis, Inc., 803 F.2d 454, 459 (9th Cir.1986) (citations and internal quotations omitted). In prior appeals, this court reversed and remanded the bankruptcy court's summary judgment with respect to Martin/Brattrud's causes of action for fraud and vacated the bankruptcy court's and district court's awards of attorneys' fees. See Martin/Brattrud Properties v. Pathfinder III, Nos. 93-56181 and 93-56509, unpublished memorandum disposition (9th Cir. Apr. 14, 1995). Because we have previously vacated the bankruptcy court's and district court's prior awards of attorneys' fees, we also vacate the bankruptcy court's order granting Pathfinder supplemental attorneys' fees and the BAP's award of attorneys' fees on appeal. See Vucinich, 803 F.2d at 459 We remand to the BAP to vacate its decision and for it to remand this matter to the bankruptcy court for proceedings consistent with this decision.
 
 
 7
 Each party to bear its own costs on appeal.
 
 
 8
 AFFIRMED IN PART, VACATED IN PART, AND REMANDED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3